

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TAYLOR, *et al.*, | ) |
| Plaintiffs, | ) No. 05 C 1476 |
| v. | ) Suzanne B. Conlon, Judge |
| CITY OF CHICAGO, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Michael Taylor and Tarrance Bass filed this class-action complaint against the City of Chicago challenging the city's alleged policy of charging a blanket witness fee before responding to a subpoena for records. Plaintiffs allege the city's policy violates Federal Rule of Civil Procedure 45 (Count I) and the Fourteenth Amendment by interfering with their access to the courts (Count II). The city moves to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and Count II pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

For purposes of deciding this motion to dismiss, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in plaintiffs' favor. *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Taylor and Bass each filed separate civil rights actions against the city in this court. *See Taylor v. Doe*, Case No. 04 C 7284 (Moran, J.) and *Bass v. Doe*, Case No. 04 C 8096 (Plunkett, J.). They issued records subpoenas to the city in their underlying civil rights lawsuits. The city notified both plaintiffs that it would not respond to the subpoenas until it received a witness fee in the amount of $25 for state subpoenas and

1

$45 for federal subpoenas in accordance with its policy. Plaintiffs paid $45 and obtained the responsive documents.

In Count I, plaintiffs allege the city's policy of requiring a witness fee before it will respond to a subpoena for records violates Fed. R. Civ. P. 45. They allege Rule 45 only requires a fee for witness attendance. Plaintiffs seek damages and an injunction enjoining the city from further violating Rule 45. In Count II, plaintiffs bring a claim under 42 U.S.C. § 1983 and allege the city's policy of charging a fee for records "poses an obvious obstacle to Plaintiffs in obtaining necessary documents and discourages them from bringing civil rights lawsuits." Complaint ¶ 35.

## DISCUSSION

### I. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir.1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

When ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in plaintiffs' favor. *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993). The court may properly look beyond the jurisdictional allegations of the

2

complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *Ezkiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

## II. Count I

The city moves to dismiss Count I for lack of subject matter jurisdiction and for failure to state a claim under Fed. R. Civ. P. 12(b)(1) and (6).

### A. Rule 12(b)(1)

The city first argues the court lacks subject matter jurisdiction over Count I because Fed. R. Civ. P. 45 does not provide a jurisdictional basis. The city argues Count I is nothing more than a discovery dispute that should be raised in the underlying civil rights actions. The complaint does not contain any specific jurisdictional allegations. In their response, plaintiffs argue that the court has jurisdiction over Count I because the city's policy affects "dozens, hundreds, or even more numerous Plaintiffs, [and thus] the issue is best considered as . . . a class action suit." Response at 2. They further argue that the court has jurisdiction to interpret Rule 45. *Id.* at 5.

The Federal Rules do not provide an independent basis for subject matter jurisdiction over an action when there is no other basis for jurisdiction. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70 (2nd Cir. 1990); *Insurance Trust v. River Trails Schools*, 2003 WL 22016880, at *1 (N.D. Ill. Aug. 27, 2003). Thus, "interpretation of the Federal Rules of Civil Procedure . . . does not present a federal question for purposes of conferring federal subject matter jurisdiction. . . ." *Insurance Trust*, 2003 WL 22016880, at *1. Because the only jurisdictional bases asserted by plaintiffs are Rules 23 and 45, Count I must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

3

### B. Rule 12(b)(6)

The city moves to dismiss Count I on the additional basis that it fails to state a claim. The city argues that an alleged violation of the Federal Rules of Civil Procedure does not give rise to an independent cause of action. Plaintiffs respond that they do not rely on Rule 45 to create a new cause of action, but rather, seek interpretation of the Federal Rules. Count I alleges that the city's policy violates Rule 45. Plaintiffs seek monetary damages and an injunction enjoining the city from violating Rule 45. They do not request an interpretation of Rule 45, nor do they seek any other declaratory relief. A violation of the Federal Rules of Civil Procedure does not give rise to an independent cause of action. *See KRW Sales, Inc. v. Kristel Corp.*, 154 F.R.D. 186, 188 (N.D. Ill. 1994); *Green v. Lichtcsien*, 2001 U.S. Dist. LEXIS 747, at *11 (N.D. Ill. Jan. 25, 2001); *Matsuura v. E.I. du Pont de Nemours & Co.*, 330 F. Supp. 2d 1101, 1128 (D. Haw. 2004) (collecting cases). Even if the court had subject matter jurisdiction over Count I, it would still be dismissed for failure to state a claim under Rule 12(b)(6).

## III. Count II

The city moves to dismiss Count II for failure to state a claim under Rule 12(b)(6). It argues that the complaint fails to allege two necessary elements. To state an access to the courts claim, plaintiffs must allege that the state hindered their efforts to pursue a non-frivolous legal claim and that they suffered some actual concrete injury. *Lewis v. Casey*, 518 U.S. 343, 350-354, 116 S. Ct. 2174 (1996). The city argues plaintiffs have not alleged that they have non-frivolous underlying claims or that they suffered actual injury.

### A. Non-frivolous Underlying Claim

Plaintiffs must allege a non-frivolous underlying claim and a remedy that may be awarded that is not otherwise available in another lawsuit. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179 (2002). Like any other element of an access to the courts claim, the underlying cause of action and its lost remedy must be alleged in sufficient detail to give the defendant fair notice of the claims asserted. *Id.* at 416. Plaintiffs contend they have sufficiently alleged the underlying cause of action by identifying the case name and number, describing their lawsuits as civil rights actions, and attaching subpoenas served in the cases as exhibits to their complaint.[1] Complaint ¶¶ 3-4, 6, 8. The allegations and attached exhibits provide the city fair notice of the alleged non-frivolous underlying cases. The city is a defendant in the underlying cases and has notice of the false arrest and excessive force claims asserted in those complaints. The complaint here adequately alleges the first element.

### B. Actual Injury

The city argues that plaintiffs have not alleged an actual injury. To state an access to the courts claim, plaintiffs must allege that they suffered an actual injury as a result of their inability to pursue a non-frivolous legal claim. *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003). Inconvenience or delay are insufficient to establish actual injury unless it results in substantial prejudice to specific litigation. *Farrar v. Yamin*, 261 F. Supp. 2d 987, 991 (N.D. Ill. 2003); *Johnson*, 338 F.3d at 773. Plaintiffs must allege that they were prevented from pursuing their claims in court

---

[1] The city acknowledges the court can take judicial notice of court documents filed in other cases when deciding a motion to dismiss. City Memo, at n. 9.

or that the value of their claims was significantly reduced as a result of the city's policy. *See Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995).

The complaint alleges that the city's policy required them to pay $45 in order to obtain documents to identify the officers who allegedly violated their constitutional rights. Complaint ¶¶ 7, 9, 11, 31. They paid the fee and received the documents. *Id.* at ¶ 11. Indeed, plaintiffs have amended their complaints in the underlying cases to name the police officers as defendants. *See Taylor v. Marik*, Case No. 04 C 7284, Dkt. No. 5; *Bass v. Everett*, Case No. 04 C 8096, Dkt. No. 8. Although the complaint alleges that the city's policy of requiring a fee to obtain documents posed an obstacle to plaintiffs' ability to obtain necessary documents, it does not allege plaintiffs have been or will be prevented from pursuing any non-frivolous claims or that the value of their pending claims was significantly reduced as a result of the city's policy. Count II fails to allege actual injury and must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

The city's motion to dismiss the complaint is granted. This case is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

July 6, 2005

ENTER:

Suzanne B. Conlon
United States District Judge

6